## International & Great Northern Railroad Company v. Benjamin Von Hoesen.

### No. 1536.   Decided April 25, 1906.

**Contributory Negligence—Assumed Risk—Ambiguous Charge Corrected by Other Paragraphs.**

In a case of injury to an engineer, struck while leaning from his cab by a structure maintained too close to the track, a charge directing a verdict for plaintiff if they found such facts and defendant's negligence therein, "and you fail to find from the evidence that plaintiff was guilty of contributory negligence and was not injured on account of assumed risk," if held liable to be understood by the jury as permitting a recovery unless both of the defenses of contributory negligence and assumed risk were established, or a recovery though assumed risk was established, was not positive error, but a mere ambiguity, which was corrected by other charges properly stating the law on each of these issues. (P. 650.)

Certificate of dissent from the Court of Civil Appeals from McLennan County.

*Baker & Thomas* and *N. A. Stedman,* for appellant.—This charge was error, because the latter portion thereof is subject to the construction that, although the jury should fail to find from the evidence that plaintiff was guilty of contributory negligence, but did not fail to find from the evidence that plaintiff was not injured on account of an assumed risk (that is, find that he was injured on account of an assumed risk), that they should find for the plaintiff. In other words, that, although they find him guilty of one, the failure to find him guilty of both was made necessary. There was evidence which tended to establish both, the court defined both, and if he was guilty of either it was a complete defense.

*Jas. H. Robertson, Lovejoy & Malevinsky, Jas. D. Williamson* and *Taylor & Gallagher,* for appellee.—Paragraph six of the court's general charge is not subject to the criticism urged against it in the first and second propositions propounded by appellant under the eighth assignment of error. Appellant ·does not point out in what· particular the charge is upon the weight of the evidence, and it is self evident from an examination of said charge that it is not upon the weight of the evidence. The paragraph is an affirmative presentation of the plaintiff's side of the case, and in order for the plaintiff to recover, it was necessary for the

jury to believe not only the matters submitted in the first eight lines of the charge as copied in appellant's brief on page 50, but it was also necessary for the jury to believe that Von Hoesen was not injured on account of assumed risk, and was not guilty of contributory negligence. The charge is not subject to the construction placed upon it under the first proposition. The court was not undertaking to present the defendant's side of the case, and latterly did present the defendant's case by special charges numbers 1, 2, 3, and 4. Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 636, and cases there cited; St. Louis & S. W. Ry. v. Casseday, 92 Texas, 525; Missouri, K. & T. Ry. v. Hines, 40 S. W. Rep., 153; Galveston, H. & S. A. Ry. v. Waldo, 32 S. W. Rep., 784; Houston, E. & W. T. Ry. v. Summers, 49 S. W. Rep., 1107; Texas & N. O. Ry. v. Scott, 71 S. W. Rep., 30; International & G. N. Ry. v. Jackson, 62 S. W. Rep., 92; Gulf, C. & S. F. Ry. v. Morgan, 64 S. W. Rep., 691; Galveston, H. & S. A. Ry. v. Parvin, 64 S. W. Rep., 1008; Galveston, H. & S. A. Ry. v. Mortson, 71 S. W. Rep., 771; Galveston, H. & S. A. Ry. v. Karrer, 70 S. W. Rep., 329.

BROWN, Associate Justice.—"The Court of Civil Appeals of the Third Supreme Judicial District of Texas, preliminary to certifying the dissent in the disposition of the above styled and numbered cause in this court, makes the following explanatory statement:

"The appellee, Von Hoesen, was an engineer in the employ of the appellant, the International & Great Northern Railroad Company. On November 20, 1903, while in the performance of his duty as an engineer, his head came in contact with a post erected near the appellant's track, and he was seriously injured. On May 14, 1904, he filed this suit for damages against the railway company, and upon trial, recovered a verdict for the sum of $10,000.

"The grounds of negligence alleged in his petition are to the effect that while he was looking out of the cab window of the engine that he was then operating, his head came in contact with a stretcher-post negligently erected and negligently maintained by appellant in dangerous proximity to its track, of which fact he had no notice, and that in consequence of such negligence, he sustained severe injuries.

"There is evidence in the record which tends to support this averment of negligence and the fact that he received the injuries described and alleged in his petition.

"In its answer the appellant charged appellee with contributory negligence, with knowledge of the existence and the proximity of the stretcher-post to the railway track; and that the injuries sustained resulted from assumed risk. Upon both the questions of contributory negligence and assumed risk there was some evidence sufficient to require the issues to be submitted to the jury.

"As a part of this certificate and as an exhibit to the same, we attach hereto a complete copy of the charge of the trial court, and all of the special charges that were given. The majority of the court agreed to reverse and remand on account of the error of the trial court in giving the sixth paragraph, as numbered in the general charge of the court, which is complained of in appellant's eighth assignment of error.

"The opinion of the majority of the court is as follows:

"The eighth assignment of error complains of the sixth paragraph of the general charge of the court, which is as follows: 'Bearing in mind the foregoing instruction and definition, if you believe from the evidence that the plaintiff was injured substantially at the time and place and in the manner as alleged in his petition, and that defendant maintained said stretcher-post in dangerous proximity to defendant's track, and was thereby guilty of negligence, and that plaintiff was injured as a direct and proximate result of such negligence, if any, and you fail to find from the evidence that plaintiff was guilty of contributory negligence, and was not injured on account of assumed risk, then you will find for the plaintiff.'"

"It is complained that this instruction authorized the jury to find for the plaintiff, unless it is shown that he was guilty of contributory negligence and was injured on account of the assumed risk. We are of the opinion that the charge is subject to this construction. It is true that the court did, at the request of appellant, by separate charge, instruct the jury as to the issue of contributory negligence and assumed risk and they were informed that if either of these defenses was established, the plaintiff could not recover. Under the evidence, both issues are in the case, and we can not say that if the jury had found in favor of defendant as to either of these defenses that such finding would be disturbed. Of course, it is needless to state that if the plaintiff was guilty of contributory negligence, or that the injuries sustained were on account of a risk assumed, he could not recover. Of course, we know that the court did not intend to instruct the jury that in order to defeat a recovery by the plaintiff, both defenses should be established; but as the jury is required to take the law from the court, and is not supposed to look to any other source for information upon that subject, they must be governed by the charge. Now to the mind of an ordinary juror this instruction is calculated to convey the idea that the plaintiff is entitled to recover, unless he is defeated by his contributory negligence, and the injuries sustained were on account of one of the risks assumed. This is not an instance of a mere ambiguity in a charge that is corrected by other portions, or where one erroneous instruction is withdrawn or clearly or unequivocally corrected by a proper instruction; but, as we construe this charge, it breeds a conflict with other instructions which separately presented to the jury the issue of assumed risk and contributory negligence. Both charges are entitled to equal dignity; and we can not say that the jury was not influenced by the instruction complained of. In turning to the other parts of the charge they discovered that they are informed that if the plaintiff was guilty of contributory negligence, or the injuries were on account of the risk assumed, then to find for the defendant. When they come to this charge which is complained of, they are, in effect, told that the plaintiff is entitled to recover, unless he is guilty of contributory negligence and his injuries were received on account of the assumed risk. We can not say which of these two conflicting instructions controlled the jury in reaching a verdict.

"The dissenting opinion of Associate Justice Key is as follows:

"The paragraph of the charge which is held by the majority opinion to contain reversible error, is, to my mind, ambiguous; and the ambiguity is intensified by the use of the word 'not' in the clause which refers to assumed risk. If the language, 'and you fail to find,' which precedes the reference to contributory negligence, was intended to apply to the issue of assumed risk, then that paragraph of the charge, insofar as it relates to that subject, may be construed as though it read, 'if you fail to find that the plaintiff was not injured on account of assumed risk.' Requiring the jury to fail to find that the plaintiff was not injured on account of assumed risk, would be equivalent to requiring a finding that he was injured on account of such risk; and, so construed, the charge would be erroneous as against both parties, but not on account of the objection urged in appellant's brief and sustained by the majority opinion. But that is not the obvious or necessary meaning of that part of the charge. If the words 'find he' be supplied between the words 'and' and 'was,' in the clause referring to assumed risk, then the charge states the law correctly; and it is not improbable that those words were inadvertently omitted. To my mind, such omission is almost obvious, unless the word 'not' was unintentionally placed in that clause. However, it is conceded that this paragraph of the charge is so framed as that a jury of laymen, considering it by itself, would probably be in doubt as to its meaning. But when the well known rule which requires all the terms of a written instrument to be considered in determining its meaning is applied in this case, the doubt referred to is dispelled, because in another paragraph of the main charge, and in special charges given at appellant's request, it was made plain that appellee was not entitled to recover if he was guilty of contributory negligence, or was injured on account of an assumed risk; and the jury were distinctly told to find a verdict for appellant if either of such facts was shown to exist.

"Furthermore, while it is now well settled in this state that a distinctly or positively erroneous statement of the law in one paragraph of a charge is not cured by a subsequent paragraph or a special instruction stating the law differently, unless there is a specific correction of the erroneous paragraph, there is a line of cases which holds that when an error in a particular paragraph is not a positive misstatement of the law, but merely an inferential error, such error is cured by a correct statement of the law in another part of the charge; and it would seem that this case is within the class referred to. (Goldberg v. McCracken, 8 S. W. Rep., 676; San Antonio & A. P. Ry. v. Corley, 26 S. W. Rep., 903; Citizen's Ry. v. Creasy, 27 S. W. Rep., 945; Bell v. Martin, 28 S. W. Rep., 108; Hargis v. St. Louis, A. & T. Ry., 75 Texas, 20; Texas & P. Ry. Co. v. Chapman, 57 Texas, 81.)

"For the reasons above stated, the writer is unable to concur with his associates in the holding that appellant has pointed out reversible error in the charge of the court; and therefore respectfully dissents from the action of the court in reversing the case."

"The judgment of this court was rendered during the present term of this court; motion for rehearing was by appellee filed and has been overruled; thereupon, the appellee made a motion to certify the dissent to your honorable court.

"The question certified is: Did the majority of this court correctly hold that it was reversible error to give the charge first set out in the opinion of the majority?"

We answer, that the majority of the Court of Civil Appeals erred in reversing the judgment of the District Court for the reason stated in their. opinion.

Granting, for the sake of argument, that the charge for which the majority reversed the judgment might have misled the jury, if it stood alone, it was but an ambiguity which was explained by other portions of that charge and by charges given at the request of the parties.

In the fifth paragraph of the court's general charge, the jury were. instructed on the law of assumed risk, and the court said: "If you believe from the evidence that the plaintiff was injured on account of a risk ordinarily incident to his employment, or on account of a risk that was open and patent to common observation, or on account of a risk of which he had actual knowledge, or in the exercise of ordinary care must in the discharge of his said duties necessarily have known, then he can not recover of the defendant." Again, in special charges numbers 1 and 2, given by the court at the request of the defendant, the jury were again instructed as to the law of assumed risk with the following conclusion in each of said special charges: "Then in that event, if you so find, you are charged that the plaintiff assumed the risks of danger of coming in contact with the said post, and you will find for the defendant."

The plaintiff requested of the court special charge number 5, which was given and which reads as follows: "You are instructed that if you believe from the evidence that the plaintiff Benj. Von Hoesen was struck by the stretcher-post while looking at the rear end of the train, and if you further believe from the evidence that the defendant was guilty of negligence in maintaining the stretcher-post in dangerous proximity, and you further believe from the evidence that the plaintiff was not guilty of contributory negligence and was not injured on account of an assumed risk, as those terms are defined and explained to you in the general charge of the court, and if you further believe that the plaintiff in looking at the rear end of the train was in the discharge of his duty to the defendant, then your verdict should be in favor of the plaintiff."

If the jury had in mind the explicit direction, that, if the injury was occasioned by a risk assumed by the defendant, he could not recover, they could not have understood the language, "and was not injured on account of assumed risk you will find for the plaintiff," as directing them to find for the plaintiff if he was injured by reason of some risk that he had assumed. We deem it unnecessary to discuss the subject further, as the opinions of the majority and of the minority will be published herewith and are sufficient in themselves to explain this subject.